_____

No. 96-1619
_____

McLaughlin Gormley King          *
Company,                         *
                                 *
        Plaintiff - Appellee,    *
                                 *   Appeal from the United States
        v.                       *   District Court for the
                                 *   District of Minnesota.
Terminix International           *
Company, L.P.,                   *
                                 *
        Defendant - Appellant.   *

_____

Submitted:  November 18, 1996

Filed:  January 29, 1997
_____

Before BEAM, FRIEDMAN,* and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

        The main issue on this appeal is whether a court or an arbitrator
should determine whether the parties' commercial dispute is arbitrable.
Agreeing with the district court[1] that the contracting parties left that
issue to the court, we affirm.

        In 1984, McLaughlin Gormley King Company ("MGK") agreed to supply
fenvalerate, an insecticide, to Terminix International Company for
repackaging and sale to exterminators.  The written contract provided for
arbitration of "[a]ny controversy arising out of, or relating to this
Agreement or any modification or extension

_____

        *The HONORABLE DANIEL M. FRIEDMAN, United States Circuit Judge
for the Federal Circuit, sitting by designation.

        [1]The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United
States District Court for the District of Minnesota.

hereof."  In 1990, the Herb family sued Terminix, alleging personal injuries from exposure to fenvalerate.  MGK refused to indemnify or defend Terminix against this claim.

Terminix settled the Herb lawsuit and filed a demand to arbitrate its claim against MGK for indemnification and defense costs.  MGK refused to arbitrate and filed this declaratory judgment action, claiming that the dispute is not arbitrable because the 1984 contract expired before the events giving rise to the Herb lawsuit.  MGK moved for a preliminary injunction prohibiting Terminix "from asserting or further asserting" its demand to arbitrate, and for partial summary judgment declaring the dispute non-arbitrable.  Terminix responded with a motion to compel arbitration. When these motions came on for decision, the district court concluded that it needed further discovery on the issue of arbitrability.  Therefore, it granted the requested preliminary injunction, denied Terminix's motion to compel arbitration, and continued the motion for partial summary judgment for ninety days.  Terminix appeals.

## I. Appealability.

Terminix argues that we have jurisdiction under 28 U.S.C. § 1292(a)(1) because of the order's "injunctive effect."  However, appealability is governed by the specific appeal provisions added to the Federal Arbitration Act in the 1988 Judicial Improvements and Access to Justice Act.  Those provisions permit an appeal from an order "denying an application . . . to compel arbitration," 9 U.S.C. § 16(a)(1)(C), and from "an interlocutory order granting . . . an injunction against an arbitration subject to [the Act]," § 16(a)(2).

In many cases, such as Nordin v. Nutri/Sys., Inc., 897 F.2d 339 (8th Cir. 1990), the arbitrability issue comes to this court after the district court has ruled the dispute non-arbitrable.

Here, before deciding that question, the court has entered an order freezing resolution of the parties' dispute pending discovery pertinent to the issue of arbitrability. Terminix argues that the arbitrator, not the court, must initially decide arbitrability.[2] If Terminix is correct, the order being appealed will have improperly and unnecessarily delayed the arbitration process. Thus, although temporary in nature, it is "an order that favors litigation over arbitration" and is immediately appealable under § 16(a). Stedor Enters., Ltd. v. Armtex, Inc., 947 F.2d 727, 730 (4th Cir. 1991).

## II. Who Decides Arbitrability.

The Supreme Court recently clarified the standard for deciding whether the court or the arbitrator determines arbitrability. The issue, the Court explained, turns on whether the parties "agree[d] to submit the arbitrability question itself to arbitration." First Options of Chicago, Inc., v. Kaplan, 115 S.Ct. 1920, 1923 (1995). In answering that question,

> [c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is `clea[r] and unmistakabl[e]' evidence that they did so. In this manner the law treats silence or ambiguity about the question `who (primarily) should decide arbitrability' differently from the way it treats silence or ambiguity about the question `whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement.'

Id. at 1924 (citations omitted). Any other rule would "too often force unwilling parties to arbitrate a matter they reasonably would have thought a judge, not an arbitrator, would decide." Id. at

---

[2]Terminix also urges us to leap ahead of the district court and decide the issue of arbitrability. We decline to do so. The issue properly before us is whether the district court erred in not referring the issue of arbitrability to the arbitrator.

1925.  Accord Litton Fin. Printing Div. v. N.L.R.B., 501 U.S. 190, 208-09 (1991) ("a party cannot be forced to `arbitrate the arbitrability question'"); AT&T Techs., Inc. v. Communications Workers, 475 U.S. 643, 649 (1986); Local Union No. 884, United Rubber, Cork, Linoleum, and Plastic Workers v. Bridgestone/ Firestone, Inc., 61 F.3d 1347, 1354 (8th Cir. 1995).

In this case, neither the arbitration clause nor any other provision in the 1984 contract between Terminix and MGK clearly and unmistakably evidenced the parties' intent to give the arbitrator power to determine arbitrability.  The arbitration clause made no mention of a "controversy" over arbitrability.  Terminix argues that the federal policy favoring arbitration requires that the arbitrator decide issues of arbitrability if the arbitration clause is broadly worded.  The Court in First Options rejected that contention, explaining that "the basic objective in this area is . . . to ensure that commercial arbitration agreements, like other contracts, `are enforced according to their terms.'"  115 S. Ct. at 1925 (citations omitted).  Thus, the district court correctly undertook to decide the issue of arbitrability.

### III. The Preliminary Injunction.

Terminix further argues that the order preliminarily enjoining it from pursuing arbitration was an abuse of the district court's discretion under Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981).  In particular, Terminix argues that the monetary cost MGK would incur in arbitration is not legally recognized irreparable harm, citing cases such as Emery Air Freight Corp. v. Local Union 295, 786 F.2d 93, 100 (2d Cir. 1986), in which irreparable injury was discussed only after the court concluded that the dispute was, in fact, arbitrable.

In this case, our decision that the district court has properly undertaken to resolve the question of arbitrability makes

this issue quite easy to resolve.  If a court has concluded that a dispute is <u>non</u>-arbitrable, prior cases uniformly hold that the party urging arbitration may be enjoined from pursuing what would now be a futile arbitration, even if the threatened irreparable injury to the other party is only the cost of defending the arbitration and having the court set aside any unfavorable award.  <u>See</u> <u>PaineWebber Inc. v. Hartmann</u>, 921 F.2d 507, 514 (3rd Cir. 1990); <u>Nordin</u>, 897 F.2d at 343; <u>U.S. v. Pool & Canfield, Inc.</u>, 778 F. Supp. 1088, 1092 (W.D. Mo. 1991).  If that is so, then the order the court issued here, briefly freezing the parties' dispute resolution activities until it determines arbitrability, is surely appropriate.  <u>See</u> <u>Dean Witter Reynolds, Inc. v. McCoy</u>, 995 F.2d 649, 651 (6th Cir. 1993).  <u>Cf.</u> <u>Daisy Mfg. Co. v. NCR Corp.</u>, 29 F.3d 389, 392 (8th Cir. 1994) ("before a party may be compelled to arbitrate under the Federal Arbitration Act, the court must engage in a limited review to ensure that the dispute `is arbitrable'").  Indeed, although the court labeled this portion of its order a preliminary injunction, the "injunction" furthers its expeditious determination of the arbitrability question and thus looks very much like a nonappealable order controlling the conduct and progress of litigation before the court.   <u>See</u> <u>Gulfstream Aerospace Corp. v. Mayacamas Corp.</u>, 485 U.S. 271, 279 (1988); <u>Hamilton v. Robertson</u>, 854 F.2d 740, 741 (5th Cir. 1988).

The order of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-