SANDVIK AB, Plaintiff,

v.

ADVENT INTERNATIONAL CORP., Advent International GmbH, Global Private Equity III L.P., Global Private Equity III–A L.P., Global Private Equity III–B L.P., Advent PGGM Global L.P., Advent Partners GPE–III L.P., Advent Partners (NA) GPE–III L.P., Advent Euro–Italian Direct Investment Program L.P., Advent European Co–Investment Program L.P., Advent Partners L.P., and Ralf Huep, Defendants.

No. Civ.A.99–486–RRM.

United States District Court,
D. Delaware.

Dec. 21, 1999.

Arthur G. Connolly, Jr., Connolly, Bove, Lodge & Hutz LLP, Wilmington, DE, William P. Quinn, Jr., Brian T. Feeney, Morgan, Lewis & Bockius LLP, Philadelphia, PA, for plaintiff.

Bruce L. Silverstein, John W. Shaw, Danielle Gibbs, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Robert B. Davidson, Baker & McKenzie, New York City, Thomas Peele, Baker & McKenzie, Washington, DC, for defendants.

## MEMORANDUM OPINION

McKELVIE, District Judge.

This is a contract case. Plaintiff Sandvik AB is a Swedish corporation, with its principal place of business in Sandviken, Sweden. Sandvik is an international engineering and manufacturing enterprise. Defendant Advent International Corporation ("Advent") is a Delaware corporation, with its principal place of business in Boston, Massachusetts. Advent is a private equity investment firm. Defendant Ralf Huep is the General Manager of Advent's German affiliate ("Advent GmbH") and a director of Advent's British affiliate ("Advent plc"). Other defendants are Delaware limited partnerships in which Advent is the general partner (collectively, "Advent Funds"). Global Private Equity III L.P. ("GPE") is one such partnership.

In early 1998, Sandvik sought to divest its subsidiary corporations that engage in the design and manufacture of automated sorting systems. Sandvik negotiated a joint venture agreement with Advent for the purpose of selling these assets. Huep, representing Advent Funds, signed the

joint venture agreement "as an attorney-in-fact without power-of-attorney." After the parties had made additional preparations to consummate the transaction, Advent informed Sandvik that it did not intend to honor the agreement. Sandvik sued for breach of contract, fraud, reckless misrepresentation, negligent misrepresentation, and for a declaratory judgment that the joint venture agreement is binding.

Advent Funds has moved to compel arbitration of the dispute, citing a mandatory arbitration clause in the joint venture agreement. Huep and Advent GmbH have moved to dismiss the suit against them for lack of personal jurisdiction. Advent has moved to dismiss the case under Rules 12(b)(6) or 9(b), or to stay the action pending arbitration, or to dismiss the action on forum non conveniens grounds.

This is the court's ruling on the motions.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

The court draws the following facts from the complaint and from the affidavits submitted by the parties.

### A. *The Parties*

Sandvik is an international engineering and manufacturing enterprise. Through its subsidiaries and affiliates, Sandvik produces specialty industrial goods. Sandvik owns all the outstanding stock in three companies that engage in the design, manufacture, and sale of automated sorting equipment for the materials handling industry: Sandvik Sorting Systems, Inc., CML Handling Technology S.p.A., and CML K.K. (collectively, "Sandvik Sorting"). In early 1998, Sandvik's management decided to divest Sandvik Sorting, and contacted several prospective purchasers.

Advent is one of the world's largest private equity investment firms. Advent has its headquarters in Boston, Massachusetts, and maintains 15 other offices around the world. Advent is the general partner in at least ten Delaware limited partnerships (collectively, Advent Funds) that perform Advent's investment operations. In or about April 1998, Advent expressed an interest in acquiring Sandvik Sorting.

### B. *The Negotiations*

Sandvik and Advent engaged in negotiations. Advent's principal representative was Ralf Huep, who was the General Manager of Advent GmbH and a director of Advent plc. Other representatives of Advent were Douglas Brown (Advent's Chief Executive Officer) and Kai Lahmann of Advent's Frankfurt office. Advent's lawyers (Baker & McKenzie) and its accounting firm (Ernst & Young) also actively participated in the acquisition negotiations and due diligence.

On September 16, 1998, Advent, through one of its investment funds, Global Private Equity III L.P. ("GPE"), executed a Letter of Intent outlining the terms on which it proposed to acquire Sandvik Sorting. The Letter of Intent provided that Advent would be afforded an opportunity to complete its due diligence review of Sandvik's financial, technical, and legal records, and that, while Advent did so, Sandvik would not entertain bids from other prospective purchasers. Ralf Huep executed the Letter of Intent in his capacity as General Manager of Advent GmbH and as the authorized representative of GPE. Advent conducted a due diligence review of Sandvik's records.

### C. *The Joint Venture Agreement*

In late 1998, Advent proposed a structure for the transaction. Advent requested that Sandvik retain a minority stake in Sandvik Sorting by making an equity investment in the post-acquisition enterprise. To do this, Advent proposed that Sandvik and Advent form a new joint venture company that would purchase Sandvik Sorting from Sandvik. On February 16, 1999, the negotiations between Advent and Sandvik culminated in the execution of a Joint Venture Agreement between Sandvik

and Advent Funds. Huep executed the agreement on behalf of Advent Funds "as an attorney-in-fact without power-of-attorney."

Under the terms of the agreement, Sandvik and Advent Funds were obligated, inter alia, to form a Dutch company to be known as International Sorting Systems Holding B.V. ("the Holding Company"), to contribute capital to the Holding Company, and to cause the Holding Company to enter into a Share Purchase Agreement providing for the acquisition by the Holding Company of all of Sandvik's interests in Sandvik Sorting Systems.

Sandvik and Advent jointly prepared a press release, which Sandvik issued on February 18, 1999. The same day, Advent, through Huep and Lahmann, wrote separately to the senior executives of Sandvik Sorting to convey Advent's "gratitude and excitement" about the Advent Fund's acquisition of the business. Advent, through Huep and Lahmann, thereafter met with Sandvik Sorting's most important customers and told them that Advent had acquired the business.

On April 30, 1999, Advent, in a letter written by Huep, stated that Advent Funds did not intend to honor the joint venture agreement. In explaining this position, Huep stated that he had signed the agreement without proper authorization from Advent and that, as a result, the agreement was not legally binding on Advent or Advent Funds.

## D. *The Lawsuit*

On June 29, 1999, Sandvik filed a complaint in the Superior Court of the State of Delaware for New Castle County. On July 29, 1999, defendants removed the case to this court pursuant to 9 U.S.C. § 205, which permits removal of cases from state courts when the subject matter of the proceeding relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. 3 U.S.T. 2517, T.I.A.S. 6997.[1] On November 24, 1999, Sandvik amended its complaint, naming one additional defendant, Global Private Equity III–C.L.P., and adding a new count for a declaratory judgment.

The amended complaint states five counts. Count I seeks judgment against Advent and Advent Funds for breach of contract, and an award for compensatory damages and costs. Count II seeks a declaratory judgment: (a) that Huep was fully authorized by Advent Funds to sign the Joint Venture Agreement on their behalf; and (b) that the Joint Venture Agreement is valid, enforceable, and binding on the Advent Funds. Count III seeks judgment against Advent, Advent GmbH, and Huep for fraud, and an award of compensatory damages, punitive damages, and costs. Count IV seeks judgment against Advent, Advent GmbH, and Huep for reckless misrepresentation, and an award of compensatory damages and costs. Count V seeks judgment against Advent, Advent GmbH, and Huep for negligent misrepresentation, and an award of compensatory damages and costs.

On July 29, 1999, defendants filed three motions: (1) a motion by Advent Funds for an order to compel arbitration; (2) a motion by Huep and Advent GmbH to dismiss for lack of personal jurisdiction; and (3) a motion by Advent for dismissal under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure; for a stay pending arbitration; or in the alternative, for dismissal on forum non conveniens grounds.

---

1. 9 U.S.C. § 205 provides: "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention [on the Recognition and Enforcement of Foreign Arbitral Awards], the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

## II. *DISCUSSION*

### A. *Motion to Compel Arbitration*

Defendants argue that the court should compel arbitration in the present matter because there is a mandatory arbitration clause contained in the Joint Venture Agreement that both parties have signed. Noting that Sandvik claims that the agreement is binding, defendants argue that the arbitration clause must be enforced. The ultimate question at issue in this case is whether Sandvik and Advent Funds entered into a binding agreement. This question, defendants argue, must be resolved in arbitration.

Sandvik responds that, before the arbitration clause can be enforced, this court must determine whether or not a contract has been formed. Absent a finding that the agreement is binding, Sandvik argues, the court lacks authority to compel arbitration.

The Arbitration Act of 1924 establishes a presumption in favor of enforcement of arbitration clauses. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 625, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Tennessee Imports, Inc. v. Filippi,* 745 F.Supp. 1314, 1321 (M.D.Tenn.1990). In the field of international commerce, this presumption in favor of arbitration was strengthened by the 1970 addition of Chapter Two, 9 U.S.C. §§ 201–208, to the Act. Chapter Two implements the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), [1970] 3 U.S.T. 2571, T.I.A.S. No. 6997, reprinted at 9 U.S.C.A. § 201. *See Tennessee Imports,* 745 F.Supp. at 1321.

The parties both recognize that the Joint Venture Agreement has a mandatory arbitration clause. The arbitration clause provides that

Any dispute arising out of or in connection with this Agreement and/or any agreement arising out of this Agreement shall, if no amicable settlement can be reached through negotiations, be finally settled by arbitration in accordance with the rules of the Netherlands Arbitration Institute.

The parties both signed the agreement. Ralf Huep, the General Manager of Advent GmbH, signed the agreement on behalf of Advent Funds "as an attorney-in-fact without power-of-attorney." The crux of the dispute is whether his signature serves to bind Advent Funds to the terms of the agreement.

■■■ Courts perform a "very limited inquiry" in determining the enforceability of arbitration clauses found in international commercial agreements. *Sedco, Inc. v. Petroleos Mexicanos Mexican National Oil Co.,* 767 F.2d 1140, 1144 (5th Cir.1985); *Ledee v. Ceramiche Ragno,* 684 F.2d 184, 186 (1st Cir.1982). Article II of the Convention directs courts to refer parties to arbitration when disputed agreements contain arbitration clauses. *Convention,* Art. II(3) The court should not compel arbitration, however, when the agreement "is null and void, inoperative, or incapable of being performed." *Id.* The court must determine, as a preliminary matter, whether the parties entered into a binding agreement. *See Sedco,* 767 F.2d at 1144–45; *Ledee,* 684 F.2d at 186. Absent such a finding, the court lacks authority to compel arbitration. *See Smith Wilson Co. v. Trading and Development Establishment,* 744 F.Supp. 14, 17 (1990) ("[B]efore it may grant the defendants' motion to compel the plaintiffs to submit to arbitration, the Court must decide whether the 'Agreement' is valid and legally binding.").

The court finds that it would be improper to compel arbitration before it has been determined whether Huep's signature serves to bind Advent Funds to the terms of the Joint Venture Agreement. The court will deny the motion of Advent Funds to compel arbitration.

### B. *Motion by Huep and Advent GmbH to Dismiss for Lack of Personal Jurisdiction*

■■■ Defendants argue that the suit should be dismissed as to Ralf Huep and

Advent GmbH for lack of personal jurisdiction. Defendants assert that plaintiff has made no showing that Huep and Advent GmbH have sufficient contacts with Delaware, and that this court cannot assert jurisdiction over Huep and Advent GmbH based on aggregated contacts with the United States as a whole. Huep has submitted a declaration that he lacks any contact with the State of Delaware.

Sandvik does not dispute that its amended complaint does not plead sufficient facts upon which this court may exercise personal jurisdiction over Huep and Advent GmbH. Sandvik opposes defendants' motion to dismiss, however, on the grounds that it is entitled to conduct limited discovery on the issue to avoid dismissal.

Rule 12(b)(2) of the Federal Rules of Civil Procedure directs the court to dismiss a case when the court lacks personal jurisdiction over a defendant.[2] The plaintiff bears the burden of establishing that the court may exercise personal jurisdiction over the moving party. *Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir.1983); *Joint Stock Co. v. Heublein, Inc.*, 936 F.Supp. 177, 192 (D.Del.1996). When the plaintiff does not set forth in its complaint adequate grounds upon which the court may assert personal jurisdiction over the defendants, courts commonly permit the plaintiff to conduct limited discovery to determine whether the defendants have adequate contacts with the forum. *See Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir.1994) (citing cases sustaining the right of plaintiffs to conduct discovery before the district court rules on a personal jurisdiction challenge). Prior to dismissing non-frivolous claims for lack of personal jurisdiction, trial courts should allow limited discovery. *See id.* (reversing district court for failure to grant limited discovery prior to dismissing for lack of personal jurisdiction); *see also id.* (citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir.1982) ("When a defendant challenges personal jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss. In an appropriate case, we will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery.")). The court need not allow discovery when the allegations of personal jurisdiction are clearly frivolous. *See Joint Stock*, 936 F.Supp. at 192.

A review of the amended complaint and the papers filed thus far persuade the court that Sandvik's claims against Huep and Advent GmbH are not clearly frivolous. With respect to Sandvik's claims against Huep and Advent GmbH, the court will permit Sandvik to conduct limited discovery confined to the issues raised in the motion to dismiss. Accordingly, the court will defer a ruling on the motion by Huep and Advent GmbH to dismiss for lack of personal jurisdiction until Sandvik has conducted limited discovery on the matter.

C. *Motion by Advent for Dismissal Under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure; For a Stay Pending Arbitration; or in the Alternative, for Dismissal on Forum Non Conveniens Grounds*

1. *Motion for Dismissal Under Rules 12(b)(6) and 9(b)*

Advent has filed a motion pursuant to Rules 12(b)(6) and 9(b) to dismiss the claims brought against it.[3] Advent argues

---

**2.** Rule 12(b)(2) provides: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by

motion: ... (2) lack of jurisdiction over the person.

**3.** Rule 12(b)(6) provides: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is

that since it is not a signatory to the agreement, the allegations against Advent do not state a claim for which relief can be granted. Moreover, Advent argues that Sandvik has failed to comply with Rule 9(b), which requires plaintiffs to plead "with particularity" all averments of fraud. Since Sandvik has not alleged that Advent made any representations whatsoever, Advent argues that plaintiff's claim against it for fraud should be dismissed. Moreover, Advent asserts that plaintiff's claims for reckless misrepresentation and negligent misrepresentation are "just variants" of the fraud count, and thus that all plaintiff's non-contract causes of action should be dismissed.

■ Sandvik responds by noting that Advent is the general partner of all the limited partnerships comprising Advent Funds. As such, Sandvik argues that Advent is liable for the debts and actions of the limited partnerships. Sandvik asserts that it has pled with particularity the instances of misrepresentation committed by Huep, who acted as an agent of Advent. As such, Sandvik argues that the complaint states valid claims for breach of contract, fraud, and misrepresentation against Advent.

In Delaware limited partnerships, a general partner is liable for the debts of the limited partnership. *See* 6 Del.C. § 17–403(b); *see also HMG/Courtland Properties, Inc. v. Gray*, 1999 WL 504781, *26 (Del.Ch.1999); *Council of Wilmington Condominium v. Wilmington Ave. Associates*, 1997 WL 817843, *9 (Del.Super.Ct.1997). Advent Funds is a collection of limited partnerships organized under the laws of Delaware, and Advent is the general partner in each partnership. As such, Advent is liable for the debts of Advent Fund. The complaint properly states claims against Advent, irrespective

of the fact that Advent is not a signatory to the Joint Venture Agreement.

■ Claims for fraud must be pled with particularity under Rule 9(b). Under Rule 9(b), a plaintiff generally cannot sue multiple defendants for fraud merely by alleging fraud with particularity as to one defendant. *See Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 784 (7th Cir.1999). When there is an agency relationship between the defendants, however, the principal may be found liable for the fraudulent acts of its agent. *See id.; Hartmann v. Prudential Insurance Co.*, 9 F.3d 1207, 1211 (7th Cir.1993) ("If the agent, acting with apparent authority, commits a fraud against a third party who reasonably believed that he was entering into a bona fide transaction with the agent's principal, the principal is chargeable with the fraud.").

■ Sandvik has set forth credible allegations in its amended complaint that Huep acted as an agent of Advent. The amended complaint avers that, while negotiating the Joint Venture Agreement, "Huep held himself out to Sandvik as fully authorized to act for Advent and the Advent Funds in connection with the Sandvik Sorting Systems acquisition." The amended complaint further alleges that Huep, in his capacity as representative of Advent and the Advent Funds, falsely represented to Sandvik's representative on several occasions that he was fully authorized to act on behalf of Advent and the Advent Funds, and the amended complaint identifies the date, location, and content of four of the misrepresentations on which the fraud claims are based. Accordingly, the court finds that Sandvik has satisfied the requirements of Rule 9(b) in its claims

required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted."

Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constitut-

ing fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

against Advent for fraud and misrepresentation.

The court will deny defendant's motion to dismiss the claims against Advent under Rules 12(b)(6) and 9(b).

### 2. Motion for a Stay Pending Arbitration

Advent moves, in the alternative, to stay the claims against it pending arbitration. The court will deny this motion. As articulated above, the court lacks authority to compel arbitration until it has resolved the preliminary question of whether the parties have entered into a binding agreement.

### 3. Motion to Dismiss on Grounds of Forum Non Conveniens

Advent moves for this court to dismiss the claims against it on grounds of forum non conveniens. Advent argues that Germany is a more appropriate forum, since Ralf Huep and other members of Advent GmbH reside in Germany and all Sandvik officials who are potential witnesses reside in Sweden. Advent asserts that none of the operative events took place in Delaware or in the United States. Private and public interests, Advent argues, weigh in favor of allowing the suit to be brought in Germany. Advent has submitted the declaration of Ralf Huep in support of its motion.

Sandvik notes that Advent is incorporated in Delaware and has its principal place of business in Boston. It argues that many of the events giving rise to this suit occurred in the United States, and that Advent and Advent Fund witnesses and certain Advent and Advent Fund documents are located in the United States, as well. Sandvik asserts that Advent has failed to demonstrate that Germany would be a more appropriate forum, or that public and private interests weigh in favor of dismissing the action.

The doctrine of forum non conveniens arises out of the power of a court to decline to exercise its jurisdiction in exceptional cases. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Whether to dismiss an action on grounds of forum non conveniens is distinct from the question of whether to transfer an action for improper venue, which has a statutory basis. *See* 28 U.S.C. § 1404(a).[4] Although both inquiries address the issue whether the litigation can be more appropriately conducted in a different tribunal, the moving party bears a higher burden when invoking the doctrine of forum non conveniens. *See Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

The plaintiff's choice of forum should rarely be disturbed on the grounds of forum non conveniens. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). A movant must show, first, that there is an appropriate forum that has jurisdiction to hear the case. *Id.* Moreover, the party must show that trial in the plaintiff's choice of forum would be oppressive and vexatious to the defendant out of all proportion to plaintiff's convenience, or that the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems. *Id.* The choice to dismiss is a matter for the trial court's discretion. *Id.* In determining whether to dismiss a case for forum non conveniens, courts look to whether there is an appropriate alternative forum, and whether public and private interests weigh in favor of dismissal. *See Gulf Oil,* 330 U.S. at 501, 67 S.Ct. 839.

Advent asserts that Germany provides an adequate alternative forum. Huep and other witnesses from Advent GmbH reside in Germany. Huep, in his

---

**4.** 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

declaration, states that he would consent to appear in the courts of Frankfurt to defend the case on the merits.

The presence of Huep and other witnesses in Germany is insufficient to justify dismissing the case for forum non conveniens. Advent is a Delaware corporation with its principal place of business in Boston. The limited partnerships of Advent Funds are organized under the laws of Delaware. Sandvik asserts that Advent and Advent Fund witnesses and certain Advent and Advent Fund documents are in the United States. The action concerns the sale of, inter alia, Sandvik Sorting Systems, Inc., a Kentucky corporation that does business throughout the United States. Moreover, the events giving rise to this suit allegedly occurred in the United States, England, Sweden, Italy, and Japan, as well as in Germany. Although key witnesses for defendants reside in Germany, this is insufficient to show that Germany is a more appropriate forum than Delaware.

Private interest factors do not weigh in favor of dismissal. Advent and Advent Funds are all organized under Delaware law, and they all maintain principal places of business in Boston. Thus, key witnesses and documents are in the United States. Although it may be a burden to bring key witnesses from Germany, Advent has not shown that litigating this action in Delaware would be oppressive and vexatious. *See Piper*, 454 U.S. at 241, 102 S.Ct. 252.

Nor do public interest factors favor dismissal. Defendants claim that the underlying issues involve a German legal concept, and thus that German courts should resolve the dispute. German law, however, would not apply to claims arising out of the Joint Venture Agreement, as the agreement provides that British or Dutch law would govern the dispute.

For the foregoing reasons, the court will not dismiss the claims on grounds of forum non conveniens.

## III. *CONCLUSION*

For the reasons stated above, defendants' motions to compel arbitration; to dismiss claims under Rules 12(b)(6) or 9(b); to stay the action; or to dismiss the claims on grounds of forum non conveniens, are denied. The court will defer ruling on defendants' motion to dismiss for lack of personal jurisdiction pending limited discovery by Sandvik. The court will enter an Order consistent with this Memorandum Opinion.