RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0110p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ARVION TAYLOR, on her own behalf and others similarly situated,

*Plaintiff-Appellee*,

*v.*

PILOT CORPORATION, a Tennessee Corporation; PILOT TRAVEL CENTERS, LLC, a Delaware Limited Liability Company,

*Defendants-Appellants*.

⎤
⎟
⎟
⎟
⎟
⎬   Nos. 18-6270/19-5410
⎟
⎟
⎟
⎟
⎦

───────────────

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:14-cv-02294—Sheryl H. Lipman, District Judge.

Argued: October 22, 2019

Decided and Filed: April 9, 2020

Before: CLAY, THAPAR, and NALBANDIAN, Circuit Judges.

───────────────

**COUNSEL**

**ARGUED:** Gary C. Shockley, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, Nashville, Tennessee, for Appellants. Adam W. Hansen, APOLLO LAW LLC, Minneapolis, Minnesota, for Appellee. **ON BRIEF:** Jenna M. Bedsole, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, Birmingham, Alabama, Zachary B. Busey, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC, Memphis, Tennessee, for Appellants. Adam W. Hansen, Eleanor E. Frisch, APOLLO LAW LLC, Minneapolis, Minnesota, Gregg I. Shavitz, SHAVITZ LAW GROUP, P.A., Boca Raton, Florida, Keith M. Stern, LAW OFFICE OF KEITH M. STERN, P.A., Miami, Florida, for Appellee.

CLAY, J., delivered an opinion in which THAPAR and NALBANDIAN, JJ., joined in part and in the judgment. THAPAR, J. (pp. 14–15), delivered a separate opinion concurring in Section B.i. and in the judgment, in which NALBANDIAN, J., joined.

---

**OPINION**

---

CLAY, Circuit Judge.   In this consolidated appeal, Defendants Pilot Corporation and Pilot Travel Centers LLC (collectively "Pilot" or "Defendant"), appeal from the district court's orders (1) denying Defendant's motion to reconsider the district court's order compelling discovery of employment dates and (2) dismissing, without prejudice, Defendant's motion to compel arbitration.   Plaintiff Arvion Taylor, on behalf of herself and others similarly situated, initiated this Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, lawsuit against Defendant.   As it did in its last appeal in this case, Defendant cites the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, in an attempt to establish that this Court has jurisdiction over the instant appeal.   Unfortunately for Pilot, it has once again misread this statute.   For the reasons set forth below, we **DISMISS** this appeal for want of jurisdiction.

**BACKGROUND**

This case centers on a "collective action" brought under the FLSA. 29 U.S.C. § 216(b). Defendants Pilot Corporation, Pilot Travel Centers LLC, and various subsidiaries and divisions of Pilot Corp. operate a large, nationwide chain of travel centers and travel plazas.   On April 24, 2014, Plaintiff Arvion Taylor filed a complaint for FLSA overtime violations against Pilot. Taylor alleged that Pilot routinely violated FLSA overtime protections by not paying her the overtime wages she was due.   She claimed that this policy was a "pattern and practice" that affected Pilot employees across the country.   *Taylor v. Pilot Corp.*, 697 F. App'x 854, 857 (6th Cir. 2017).   Pilot allegedly required nonexempt hourly employees to perform work off the clock, including before and after their scheduled shifts and during their scheduled breaks.   In its Answer, Pilot asserted that the claims raised by Plaintiff are covered by an arbitration agreement "in whole or in part."   R. 39, PageID # 177.

In June 2015, the district court granted conditional certification to a collective action that came to include 5,145 current and former Pilot employees as opt-in Plaintiffs.   In November 2015, Pilot moved for reconsideration of the certification order.   The district court denied the

motion and this Court dismissed the subsequent appeal for want of jurisdiction. *Taylor*, 697 F. App'x at 857; *see also id.* at 859 (permitting Pilot's appeal of the denial of its request for a stay of proceedings pending arbitration but stating that Pilot "cannot use the denial as a smuggling route for otherwise non-appealable issues," like the denial of the motion for reconsideration).

In June 2018, Plaintiffs filed a motion to compel the production of employment dates of all opt-in Plaintiffs. One week after the motion was filed, the parties reached a partial settlement that resolved the claims of 1,209 opt-in Plaintiffs—including   Taylor—whom Pilot admitted had not signed an arbitration agreement.

In August 2018, Pilot filed a motion to compel the remaining opt-in Plaintiffs to arbitrate their claims. This motion was based on arbitration agreements Pilot claimed each of the opt-in Plaintiffs had signed at their time of hire. Pilot claimed its employees signed one of two agreements: the National Agreement or the Texas Agreement, both of which allegedly commit particular issues to an arbitrator to decide.

Before the district court ruled on Pilot's motion to compel arbitration, Plaintiffs urged the court to grant its pending motion to produce the employment dates, contending that several opt-in Plaintiffs were not employees of Pilot on the date Pilot claimed they signed the at-issue arbitration agreements. That is, Plaintiffs suggested that with respect to the opt-in Plaintiffs who did not sign an arbitration agreement on the date Pilot claims they did, no valid arbitration agreement was formed. The district court granted Plaintiffs' motion to compel employment dates, ordering Pilot to produce the dates within two weeks of the order. However, instead of complying with that deadline, Pilot filed a motion to reconsider the order compelling production of the dates. Pilot argued that the purported arbitration agreements require the district court to allow an arbitrator to decide whether Pilot must turn over the employment dates and whether the arbitration agreements were validly formed. On November 19, 2018, the district court denied Pilot's motion to reconsider (the "November 2018 Order"). It held that:

> Pilot's assertion that the arbitrator should determine whether Pilot must produce
> the employment dates is not logical. Taking a very broad perspective, certainly
> dates of employment are related to the formation and applicability of arbitration
> agreements, as whether an individual is subject to the agreement depends on what
> they signed when they began their work. However, that is exactly why the

production of the dates of employment cannot, at this point, be within the purview of the arbitrator. What Plaintiffs seek here is to determine whether individuals were employed at the time arbitration agreements were signed. That is, they are asking the threshold question of whether certain individuals *have even agreed* to arbitration.

The Court respects the arbitration agreement entered into by certain Plaintiffs when they began their work with Defendants. However, asking the Court to cede authority to the arbitrator before it has been determined that all of these individuals are subject to the agreement in the first place is asking the Court to presuppose the answer. This the Court will not do.

R. 202, PageID # 7689–90. In essence, the district court agreed with Plaintiffs' contention that the employment dates must be produced before the district court can rule on Pilot's motion to compel arbitration. As a threshold matter, the agreements must have been validly formed (*i.e.*, actually signed by the opt-in Plaintiffs while employed by Pilot), in order for the agreements to be enforceable such that the Plaintiffs may be compelled to arbitrate their claims against Pilot.

Pilot then appealed the November 2018 Order to this Court. This placed the district court in a strange position. On the one hand, it was impeded in ruling on Pilot's motion to compel arbitration because the employment dates had not yet been produced. On the other hand, it could not further attempt to compel Pilot to produce the dates because of Pilot's pending appeal. Accordingly, on March 29, 2019, the district court issued orders denying, without prejudice, all outstanding motions by both parties, pending the resolution of Pilot's appeal of the November 2018 Order. One such order denied, without prejudice, Pilot's pending motion to compel arbitration (the "March 2019 Order"). Pilot now appeals both the November 2018 and March 2019 Orders.

## DISCUSSION

The core of the parties' dispute is whether the opt-in Plaintiffs signed the alleged arbitration agreements. This is an issue of contract formation. Pilot claims each opt-in Plaintiff signed an arbitration agreement at their time of hire and purports to possess the electronically signed arbitration agreements confirming this fact. These agreements are not in the record

below.**¹** In any event, some number of Plaintiffs claim that they were not employees of Pilot on the dates indicated on those alleged agreements and thus no binding arbitration agreement was formed. Pilot responds that because of the broad delegation clauses in the alleged agreements, only an arbitrator can decide this question and that the district court's orders to the contrary are unlawful denials of its valid petition for arbitration.

While the purported arbitration agreements appear to delegate virtually all disputes to an arbitrator, Plaintiffs and the district court agree that it is for the court to decide whether the contract was validly formed in the first place. We, however, are not able to resolve this dispute for one main reason: the district court has not yet issued an order "denying a petition under section 4 of [the FAA] to order arbitration to proceed," as is required by 9 U.S.C. § 16(a)(1)(B) for this Court to have jurisdiction over Pilot's appeals. Instead, a decision on Pilot's motion to compel arbitration has merely been delayed. As will be discussed below, this does not constitute a denial of a petition to arbitrate. We thus dismiss these consolidated appeals for lack of jurisdiction. However, because the parties thoroughly briefed the formation issue and because it underlies Pilot's appeals in the present case, we will address some comments to the current state of the law on that issue.

### A. Formation of a Valid Arbitration Agreement

This Court has not expressly addressed whether a district court may decide whether a valid arbitration agreement has been formed prior to adjudicating a motion to compel arbitration, when a delegation clause purports to grant an arbitrator authority over contract formation issues. The Supreme Court recently noted that "before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). In *Granite Rock Co. v. International Brotherhood of Teamsters*, 561 U.S. 287 (2010), the Supreme Court held that to be satisfied that the parties have agreed to arbitrate a particular dispute and thus may order arbitration of that dispute, a

---

**¹**Plaintiffs note in their brief that they "agreed that these documents exist, that Pilot produced them in discovery, and that filing the documents with the court was unnecessary." Br. of Pls. at 18. Of course, "Plaintiffs' counsel never conceded . . . that the documents proved the existence of valid and enforceable agreements to arbitrate." *Id.*

district court "must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." *Id.* at 297.

The Supreme Court has expressly declined to decide the more specific question of whether an arbitration agreement can deprive a district court of the authority to decide the formation question. In *Buckeye Check Cashing, Inc.* v. *Cardegna*, 546 U.S. 440 (2006), the Supreme Court held that "[t]he issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded." *Id.* at 444 n.1. Importantly, the Court held that its "opinion today addresses only the former, and does not speak to the issue decided in the cases cited by respondents (and by the Florida Supreme Court), which hold that it is for courts to decide whether the alleged obligor ever signed the contract." *Id.* This Court, however, has repeatedly observed that challenges to the existence of a contract appear to constitute valid challenges to an arbitration clause. *E.g.*, *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 630 n.2 (6th Cir. 2004) ("This is not like a case where, for instance, a contract is void for lack of a valid signature. In such cases, courts have indicated that an arbitration clause contained in the contract would not be binding."); *Moran v. Svete*, 366 F. App'x 624, 631–32 (6th Cir. 2010) (finding the plaintiff challenged the "validity," rather than "existence" of a contract containing an arbitration clause, in part because "[t]his is not a case in which it is alleged that the signor did not sign the contract"); *Burden v. Check Into Cash of Ky., LLC*, 267 F.3d 483, 489 (6th Cir. 2001) (stating but not holding that "we are inclined to find that *Prima Paint* [*Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)] supports, rather than prohibits, excluding nonexistent contracts from the severability doctrine," and thus a district court may decide the formation question). These decisions reflect a central tenet of the FAA—that arbitration pursuant to the statute is "a matter of consent, not coercion." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).

Because, as discussed below, this Court lacks jurisdiction over the instant appeals, we cannot at the present time decide the issue of whether the district court has jurisdiction over the formation issue. Nevertheless, we note that our case law strongly suggests that the district court has the authority to determine whether the signature on an arbitration agreement is valid in advance of compelling arbitration in accordance with that agreement. To the degree that the

alleged agreements in this case purport to delegate the formation question to the arbitrator's sole discretion, the Supreme Court's and our case law indicate that the district court retains the authority to first satisfy itself that the agreement was validly formed before granting a motion to compel arbitration. The FAA's demand for consent-based arbitration agreements would be severely undermined if the law operated otherwise. As the Ninth Circuit cogently noted, "[a] contrary rule would lead to untenable results. Party A could forge party B's name to a contract and compel party B to arbitrate the question of the genuineness of its signature." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1140 (9th Cir. 1991).

## B. Jurisdiction Over the District Court's Orders

Title 28 U.S.C. § 1291 grants this Court general appellate jurisdiction over appeals from a district court's "final decisions." This exemplifies the "final judgment rule," which requires a party to "raise all claims of error in a single appeal following final judgment on the merits." *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). This Court also possesses jurisdiction, pursuant to the Federal Arbitration Act, over orders "denying a petition under section 4 of [the FAA] to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). This includes a "District Court's refusal to enforce, through dismissal or stay, an agreement to arbitrate." *Simon v. Pfizer Inc.*, 398 F.3d 765, 772 (6th Cir. 2005). *See also Preferred Care of Del., Inc. v. Estate of Hopkins*, 845 F.3d 765, 768 (6th Cir. 2017) (affirming that Section 16 "permits review of orders that interfere with arbitration, such as those . . . 'denying' petitions to enforce arbitration agreements") (quoting 9 U.S.C. § 16(a)).

### i. The November 2018 Order

The November 2018 Order does not constitute a refusal "to enforce, through dismissal or stay, an agreement to arbitrate." *Simon*, 398 F.3d at 772. It is nothing more than a routine discovery order. As the district court made clear in the text of the Order, "asking the Court to cede authority to the arbitrator before it has been determined that all of these individuals are subject to the agreement in the first place is asking the Court to presuppose the answer. This the Court will not do." R. 202, PageID # 7690. The purpose of the November 2018 Order was to

furnish Plaintiffs with the information necessary—the employment dates—to fully brief the motion to compel arbitration that Pilot had previously filed, rather than dismiss or stay the motion. The November 2018 Order simply delayed the district court's ruling. Thus, this Court lacks appellate jurisdiction over the November 2018 Order at this stage in the proceedings. There is no final judgment for us to consider, nor a petition denying a motion to compel arbitration pursuant to section 16 of the FAA.

It is true that this Court has not yet held whether an order that incidentally delays a motion to compel arbitration is appealable as an order denying the motion to compel. However, other circuits have held such orders are not appealable. *See, e.g.*, *Van Dusen v. Swift Transportation Co. Inc.*, 830 F.3d 893, 897 (9th Cir. 2016) (finding district court case management order unappealable, in part, because "one cannot construe a case management order designed to lead to a decision on a motion to compel arbitration as a decision to deny the motion"); *Continental Cas. Co. v. Staffing Concepts, Inc.*, 538 F.3d 577, 579 (7th Cir. 2008) (holding unappealable a district court order striking a motion to compel arbitration, without prejudice, while the court adjudicated pending personal jurisdiction and venue motions). In *Continental Casualty*, the court observed that "the relevant question here is similar to the question that arises when a court is considering an injunction: under what circumstances is a delay of a ruling equivalent to a denial." 538 F.3d at 580. A party must demonstrate "irreparable damage" from the court's delay of a decision on the motion to compel, in order for the court's ruling to constitute a denial under the FAA and support appellate jurisdiction. *Id.* at 581.

While the text of the FAA provides the strongest indication that the November 2018 Order is not appealable, we find the logic of these courts helpful in reaching that result as well. Like the case management order in *Van Dusen*, the November 2018 Order was "designed to lead to a decision on [the] motion to compel arbitration." 830 F.3d at 897. It was a "decision-making mechanism" rather than an appealable decision on the merits. *Id.* Moreover, Pilot has not demonstrated any "irreparable damage" that will result from a delay of a decision on its motion to compel. *Continental Cas.*, 538 F.3d at 581. While Pilot may be mildly inconvenienced by having to produce the employment dates and would clearly prefer to have this case submitted to

arbitration as quickly as possible, neither concern constitutes irreparable harm.  Instead, given the district court's obligation to "determine[] whether a valid arbitration agreement exists," it would seem that the only irreparable damage could be done to Plaintiffs—by rashly committing this case to arbitration before the district court is certain that the opt-in Plaintiffs are subject to the purported agreements.  *Henry Schein*, 139 S. Ct. at 530.

### ii.  The March 2019 Order

The March 2019 Order appears to formally deny Pilot's motion to compel arbitration. This suggests it is appealable under the FAA as an order "denying a petition . . . to order arbitration to proceed."  9 U.S.C. § 16.  However, the March 2019 Order was only issued because Pilot's pending appeal of the November 2018 Order prevented the district court from "appropriately address[ing] the issues raised by Defendants," and it was issued without prejudice.  R. 207, PageID # 7707.  Under these facts, it was a purely ministerial order, serving housekeeping or docket management purposes.  *See ACLU of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (holding that "a district court has broad discretion to manage its docket").  As a result, it is not appealable at this stage of the proceedings. Indeed, Pilot even concedes that the March 2019 Order "does not independently create jurisdiction over this appeal."  Reply Br. of Defs. at 11–12 n. 10.

It is true that the district court was not obligated to dismiss the motion without prejudice. It could have retained Defendant's motion to compel on its docket, and simply deferred ruling on it pending resolution of Pilot's appeal of the November 2018 Order.  That would have obviated the need to parse the nature and context of the March 2019 Order.  Nevertheless, Pilot's invitation to elevate form over substance in order to find jurisdiction over its appeal of the March 2019 Order is unpersuasive.  Pilot is seeking this Court's review of the formation issue before the district court has ruled on the merits of the motion to compel arbitration and before discovery has fully concluded.  As held above, the November 2018 Order is not an order denying a motion to compel arbitration appealable under section 16 of the FAA.  Thus, Pilot is attempting to manufacture jurisdiction by appealing the March 2019 Order—which, again, was only issued because of Pilot's spurious appeal of the November 2018 Order—and is prematurely seeking this Court's ruling on the formation issue.

Moreover, the March 2019 Order can be distinguished from the orders in cases in which our sister circuits have held that denials of a motion to compel arbitration are immediately appealable under section 16 of the FAA.  For example, in *Sandvik AB v. Advent International Corp.*, 83 F. Supp. 2d 442 (D. Del. 1999), the district court denied the defendant's motion to compel arbitration because it was not yet satisfied that the signature on the purported arbitration agreement "serves to bind [defendant] to the terms of the [arbitration agreement]."  *Id.* at 446. On appeal, the Third Circuit held that "even if a district court does not feel itself ready to make a definitive decision on whether to order arbitration and therefore denies a motion to compel, an appeal may be heard of its denial order."  *Sandvik AB v. Advent Intern. Corp.*, 220 F.3d 99, 103 (3d Cir. 2000).

In the present case, by contrast, the district court dismissed the motion to compel without prejudice, noting that "[b]ecause of the pending appeal, the Court cannot appropriately address the issues raised by Defendants.  Defendants are free to file this Motion again, if necessary, once the Sixth Circuit has reached its conclusion."  R. 207, PageID # 7707.  The district court in *Sandvik* denied the motion to compel arbitration because it had not yet determined whether Advent was bound by the arbitration agreement.  *Sandvik*, 83 F. Supp. 2d at 446.  The district court in the present case denied Pilot's motion to compel because of the pending appeal of the November 2018 Order, not because of its uncertainty over the validity of the arbitration agreements.  While the purpose of both the order compelling discovery of the employment dates and the November 2018 Order was to resolve that uncertainty, the district court here has—until Pilot noticed its first appeal—maintained the motion to compel arbitration on its docket.  Thus, the decision to deny the motion to compel, without prejudice, reflects the district court's purely ministerial, docket management intentions.  Unlike the district court's order in *Sandvik*, the denial did not signal a judgment on the merits of the motion.  The express recognition that Pilot may file the motion again, following resolution of the appeal of the November 2018 Order, reinforces this conclusion.

Additionally, because the district court has reserved judgment on the merits of the Defendant's motion to compel arbitration pending this appeal, the Third Circuit's concern that the defendant would face "the possibility of enduring a full trial on the underlying controversy before it can receive a *definitive* ruling on whether it was legally obligated to participate in such a trial in the first instance" is not present here. *Sandvik*, 220 F.3d at 104. Because Pilot may re-file its motion to compel arbitration following this appeal, and then appeal any denial on the merits thereof to this Court, it will have the opportunity to receive a "definitive" ruling on whether it must endure a full trial.

In *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361 (7th Cir. 1999), the Seventh Circuit held that the district court's order refusing to compel arbitration pending discovery pertinent to the issue of arbitrability was an appealable order under FAA § 16(a)(1)(c) because "there is no doubt from the record that the district court denied the defendant's motion and clearly meant to foreclose arbitration." *Id.* at 363. In the present case, however, the March 2019 Order was not meant to "foreclose arbitration," nor is it like the denial in *Koveleskie*; as here, it was without prejudice, expressly pending the instant appeal of the November 2018 Order. Careful review of the record in the present case reveals that the district court did not intend to "foreclose arbitration," but rather to delay a decision on Pilot's motion to compel pending acquisition of the facts necessary to reach an appropriate disposition.

Finally, in *McLaughlin Gormley King Co. v. Terminix International Co., L.P.*, 105 F.3d 1192 (8th Cir. 1997), the court considered an appeal of a grant of a preliminary injunction prohibiting the defendant from continuing to assert its demand to arbitrate and the district court's denial of a motion to compel arbitration because the court's order is "'an order that favors litigation over arbitration' and is immediately appealable under § 16(a)." *Id.* at 1193 (quoting *Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 730 (4th Cir. 1991)). In the present case, there is no preliminary injunction preventing Pilot from further asserting its demand to arbitrate, nor does the March 2019 Order favor "litigation over arbitration." Instead, the March 2019 Order serves a docket-management function, while the case is on appeal from the district court's unappealable November 2018 Order. And, as noted above, the March 2019 Order even

acknowledges that Pilot may re-file its motion after this appeal has concluded.  Thus, this analogy also misses the mark.**2**

Pilot has also not shown how the March 2019 Order has caused any "irreparable damage."  *Continental Cas.*, 538 F.3d at 581.  This is unsurprising, as it was issued without prejudice and only because the district court determined that it could not rule on the motion to compel until Pilot's appeal of the November 2018 Order was resolved.  Neither order "interfere[d] with arbitration," *Preferred Care of Delaware*, 845 F.3d at 765, nor partially denied a petition for arbitration appealable under section 16 of the FAA.  *See Smith v. Altisource Solutions*, 726 F. App'x 384, 389–93 (6th Cir. 2018) (reviewing district court's decision denying in part defendant's motion to compel arbitration).  Instead, both orders are akin to the case management orders in *Continental Casualty* and *Van Dusen* and as such, are unappealable.  Thus, Pilot is once again attempting to "use [a] denial as a smuggling route for otherwise non-appealable issues."  *Taylor*, 697 Fed. App'x at 859.

This leaves two points raised by the parties worth addressing.  First, Pilot's argument that the November 2018 Order is within a category of orders for which FAA section 16 provides an immediate right of appeal is unavailing.  The Supreme Court held in *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009), that jurisdiction "must be determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order."  *Id.* at 628 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996)).  In Pilot's prior appeal in this case, this Court gave examples of such appealable categories: "an order 'denying a petition under section 4' or an order 'refusing to grant a stay under section 3.'"  *Taylor*, 697 F. App'x at 861.  As the foregoing analysis demonstrates, the November 2018 Order is not a denial order under section 4 of the FAA, and thus no immediate right of appeal attaches to it.

---

**2**The *McLaughlin* court also found that the order favored litigation over arbitration because if the defendant was correct and its dispute must be committed to an arbitrator, then "the order being appealed will have improperly and unnecessarily delayed the arbitration process."  105 F.3d at 1193.  As discussed above, we find that orders that merely delay the arbitration process, as oppose to foreclose it, are not appealable under section 16(a)(1)(B) of the FAA and thus the Eight Circuit's logic is unpersuasive.

Similarly, Pilot fails in its argument that the "district court exercised authority beyond what the FAA provides to it," by refusing to dismiss Plaintiffs whom Pilot claims signed arbitration agreements mandating arbitration outside of the district court's judicial district. Br. of Defs. at 28. Pilot argues that a district court has no power to compel arbitration outside of its own judicial district. *Id.* This argument is contradictory inasmuch as Pilot is contesting the district court's authority over the opt-in Plaintiffs for purposes of arbitration, while at the same time Pilot has repeatedly moved the district court to compel them to arbitrate their claims (presumably within the district court's district). Moreover, as noted above, it is not yet clear that "the Arbitration Opt-Ins have agreed to arbitrate [their] claims" at all. The district court has expressly withheld judgment on the application of the arbitration agreements pending the disclosure of the employment dates necessary to deciding whether the opt-in Plaintiffs are in fact bound by the alleged agreements. Until this threshold issue of contract formation is decided by the district court, there is no need to address Pilot's argument regarding the scope of the district court's authority.

**CONCLUSION**

We therefore **DISMISS** Pilot's appeal for want of jurisdiction and **REMAND** the case to the district court for further proceedings consistent with this opinion. Pilot is ordered to abide by the district court's order compelling production of the employment dates. We leave it to the district court to decide the timeframe and process by which that discovery is accomplished.

---

**CONCURRING IN PART AND IN THE JUDGMENT**

---

THAPAR, Circuit Judge, concurring in part. I agree that we lack jurisdiction over this appeal. I would just reach that result through slightly different reasoning.

Pilot appealed from two separate orders entered by the district court. As the main opinion explains, the first order doesn't give us jurisdiction because it did not *deny* the company's motion to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(B); *Van Dusen v. Swift Transp. Co.*, 830 F.3d 893, 897–99 (9th Cir. 2016); *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, 538 F.3d 577, 580–81 (7th Cir. 2008). Rather, it merely ordered discovery on whether the parties had agreed to arbitrate in the first place—a process that the Federal Arbitration Act clearly contemplates. *See* 9 U.S.C. § 4.

Yet the second order (entered over four months later) *did deny* Pilot's motion to compel arbitration—albeit without prejudice. The main opinion reasons that this order doesn't give us jurisdiction because it was "purely ministerial" and "issued without prejudice." But several other circuits have suggested that *any* denial of a motion to compel arbitration—even a denial without prejudice—confers appellate jurisdiction under the Federal Arbitration Act. *See, e.g.*, *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1355 (Fed. Cir. 2004); *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635–36 (4th Cir. 2002); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 102–04 (3d Cir. 2000); *McLaughlin Gormley King Co. v. Terminix Int'l Co.*, 105 F.3d 1192, 1193 (8th Cir. 1997); *cf. Colon v. R.K. Grace & Co.*, 358 F.3d 1, 4 (1st Cir. 2003).

It might be possible to distinguish those cases (as the main opinion does). But I see no reason to reach the issue given that Pilot disclaimed that the second order "independently create[s] jurisdiction over this appeal." Reply Br. at 11–12 n.10. Although parties cannot waive arguments *against* jurisdiction, they are more than free to waive (or forfeit) arguments *for* it. *See, e.g.*, *Taylor v. KeyCorp*, 680 F.3d 609, 615 n.5 (6th Cir. 2012); *see also Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 (5th Cir. 2019); *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 618 (D.C. Cir. 2017); *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931–32 (8th Cir.

2011); *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1275 (10th Cir. 2011) (Gorsuch, J.); *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009); *Am. Vantage Cos. v. Table Mountain Rancheria*, 292 F.3d 1091, 1101 (9th Cir. 2002); *cf. Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425–26 (7th Cir. 2010). And given Pilot's briefing on the issue, I would leave matters at that.

For these reasons, I concur in Section B.i of the main opinion and in the judgment.