# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3330

_____

Mabor Madol; Kaw Ngong,                     *
                                            *
            Appellees,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the Southern
                                            *   District of Iowa.
Dan Nelson Automotive Group, doing          *
business as J D Byrider; South Dakota       *
Acceptance Corporation, doing business      *
as J D Byrider; South Dakota Auto           *
Group, Inc.; Dan Nelson Finance             *
Supercenter; Carnow Acceptance              *
Company, doing business as South            *
Dakota Acceptance Corporation;              *
Daniel A. Nelson,                           *
                                            *
            Appellants.                      *

_____

Submitted: April 15, 2004
Filed: June 24, 2004

_____

Before MORRIS SHEPPARD ARNOLD, MAGILL, and MURPHY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

## I.

This case involves a dispute over used automobiles that the plaintiffs, Mabor Madol and Kaw Ngong, purchased and financed at Dan Nelson Automotive's car dealership and documents that the plaintiffs signed in connection with those transactions. The plaintiffs brought suit in Iowa state court, claiming that in the course of selling and financing the vehicles the defendants had violated Iowa consumer protection statutes (Iowa Code §§ 537.1101-537.7103 and Iowa Code ch. 538A) and the federal Truth in Lending Act (15 U.S.C. § 1631 *et seq.*), and had committed common-law fraud. The defendants removed the case to the United States District Court for the Southern District of Iowa. All that is at issue at this point is whether an arbitration agreement that the plaintiffs signed requires that their grievances be referred to an arbitrator.

When purchasing their vehicles, each plaintiff signed, among other documents, a dispute resolution agreement (DRA). The DRA provides that the purchaser, dealer, and "all assignees ... agree to submit all dispute(s) of any kind between them that arise out of, result from, or are in any way connected with the purchase and sale or financing of the Vehicle, for resolution by binding arbitration." The DRA also states that the parties agree that the DRA will be governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16.

Based on the DRA, the defendants filed a motion to compel arbitration and stay litigation under 9 U.S.C. §§ 3 and 4. (Where arbitration is required by § 4 of the FAA, § 3 requires that the court stay the court proceedings upon application of one of the parties.) The plaintiffs resisted the motion, arguing that the DRA is invalid because the vehicle transactions were unconscionable. In particular, the plaintiffs argued in their resistance to the defendants' motion that the DRA should be "revoked" because they "had no choice regarding what they signed to consummate these

consumer credit transactions," they were given "stacks of documents" by the defendants' employees, and "the sheer magnitude of the paperwork and the number of clauses per document surely overwhelmed" them because they were "not used to sophisticated business dealings."

The matter was initially considered by a magistrate judge, who issued an order granting the defendants' motion, concluding that "all further action in this case shall be and is stayed pending completion of arbitration as contemplated by the Dispute Resolution Agreement signed by plaintiffs." The plaintiffs then filed objections to the magistrate judge's order in accordance with Rule 72 of the Federal Rules of Civil Procedure. The district court, after considering those objections, set aside the order compelling arbitration and staying litigation, and granted the parties thirty days to conduct discovery and submit additional evidence regarding the validity or alleged unconscionability of the DRA. The defendants appeal, arguing that the district court erred in setting aside the magistrate judge's order and inviting the parties to supplement the record. We reverse.

## II.

The plaintiffs have moved to dismiss the appeal for lack of an appealable order. We deny this motion because we conclude that the district court's order was appealable under § 16(a) of the FAA, which provides in relevant part that "[a]n appeal may be taken from ... an order ... refusing a stay of any action under section 3 of this title" or "denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(A), (B). While the district court's order did not purport to determine conclusively whether the dispute should be referred to an arbitrator, it "reject[ed] the conclusion of the magistrate judge's Order" compelling arbitration and staying proceedings, and reopened discovery in the district court so that the parties could further develop the evidentiary record. Despite the order's temporary nature, it was an order "refusing a stay" and directing that the litigation

proceed, and was thus appealable under § 16(a). *Cf. McLaughlin Gormley King Co. v. Terminix Intern. Co., L.P.*, 105 F.3d 1192, 1193 (8th Cir. 1997).

## III.

The FAA reflects Congress's "declaration of a liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and its intent "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *id.* at 22. It provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

The issues subject to consideration by the magistrate judge (and the district court, upon review of the magistrate judge's order) were restricted. In ruling upon a motion to compel arbitration under the FAA, a judge "is limited to considering the parties' claims that the arbitration agreement is invalid or that it does not apply to the dispute with respect to which arbitration is sought." *Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A.*, 334 F.3d 721, 727 (8th Cir. 2003), *cert. denied*, 124 S. Ct. 1147 (2004). The plaintiffs do not contend that the literal terms of the DRA do not apply to their grievances; they argue, however, that the agreement to arbitrate is invalid because the vehicle "contracts as a whole," including the DRA, are unconscionable. The magistrate judge was unpersuaded by the plaintiffs' efforts to prove that the DRA was invalid, and he thus granted the motion to compel arbitration and stay proceedings.

The district court agreed that the record was insufficient to support the plaintiffs' contention of invalidity, and stated that the magistrate judge's "conclusions

-4-

were correct based on the record before him," noting that the "Plaintiffs have offered nothing to support their argument that the DRA is a contract of adhesion other than general allegations and the hearsay affidavit from Plaintiffs' counsel." Nevertheless, it set aside the magistrate judge's order, concluding that the magistrate judge had not provided the parties with sufficient time to conduct discovery.

## IV.

The parties disagree over the standard of review that the district court should have used in reviewing the magistrate judge's order, and whether the district court had authority to allow discovery and receive further evidence based on its perception that the record had been insufficiently developed. We conclude that whatever type of review the district court was supposed to conduct, it erred in setting aside the magistrate judge's order so that it could receive further evidence because the applicable legal principles required that the dispute be submitted to arbitration forthwith.

In his order, the magistrate judge, (quoting *Houilihan v. Offerman & Co.*, 31 F.3d 692, 694-95 (8th Cir. 1994)), recognized that the inquiry that he was supposed to conduct was limited to " 'whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement,' " and that he " 'must stay court proceedings and compel arbitration once [he] determines that the dispute falls within the scope of a valid arbitration agreement.' " The magistrate judge also correctly noted that the "plaintiffs' arguments [of invalidity] really go to the motor vehicle contracts as a whole, and not just the arbitration agreements," and that precedent from this court and the Supreme Court requires that such arguments be submitted to arbitration. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967); *Houlihan*, 31 F.3d at 695.

Under the principles outlined in *Prima Paint* and *Houlihan*, the plaintiffs' arguments that their vehicle purchase transactions were generally unconscionable

were subject to resolution by an arbitrator, absent a showing by the plaintiffs that the DRA, standing alone, was invalid. Faced with a situation where the arbitration clause on its face appeared to be valid and applicable to the present dispute, and where the plaintiffs' only arguments of invalidity went to the vehicle contracts as a whole, the magistrate judge determined that he needed no additional information to conclude that it was appropriate to grant the defendants' motion.

As we have noted before, even when a magistrate judge is hearing a matter pursuant to his or her limited authority to make a "recommended disposition," "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Given the arguments that the plaintiffs asserted before the magistrate judge, and the principles contained in *Prima Paint* and later cases, it would have served no purpose for either the magistrate judge or the district court to conduct an evidentiary hearing or provide more time for discovery, since there are no disputed issues of material fact bearing on the propriety of granting the defendants' motion. The law required that the plaintiffs' claims be referred to arbitration because their arguments of unconscionability "cannot fairly be limited to the making of the arbitration clause," *Houlihan*, 31 F.3d at 695. The plaintiffs failed to preserve the issue of the DRA's validity for review by the district court because they did not make any discernible arguments to the magistrate judge that go the making of the arbitration agreement itself. We note, moreover, that the plaintiffs acknowledged in a hearing before the district court that they were not arguing that the DRA is "in and of itself invalid," but that their theory was that "the transactions as a whole from start to finish" were unconscionable.

The district court's determination that the magistrate judge's conclusion was "correct based on the record before him" should have been the end of the matter. The district court's decision to receive additional evidence was in error because there were

no facts that could be established that could have undermined the defendants' entitlement to have their motion granted.

V.

For the reasons stated, we reverse the district court's order and remand with directions to enter an order not inconsistent with this opinion.

_____