Filed 3/16/20; Certified for Publication 4/8/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| ANTHONY BROOKS, | 2d Civil No. B298132 |
|---|---|
| Plaintiff and Respondent, | (Super. Ct. No. 56-2019-00524903-CU-OE-VTA) |
| v. | (Ventura County) |
| AMERIHOME MORTGAGE COMPANY, LLC, | |
| Defendant and Appellant. | |

AmeriHome Mortgage Company, LLC (AmeriHome) appeals an order granting Anthony Brooks's motion for preliminary injunction to enjoin arbitration.  We affirm.

**FACTS AND PROCEDURAL HISTORY**

Brooks was an employee at AmeriHome.  His employment contract included an arbitration clause.  It states that "any dispute or controversy arising out of or relating to this Agreement or your employment . . . will be settled exclusively by arbitration . . . in accordance with, and pursuant, to the National

Rules of Resolution of Employment Disputes of the American Arbitration Act."

In January 2019, Brooks filed a written notice of wage violation claims with the Labor and Workforce Development Agency (LWDA) pursuant to the Private Attorneys General Act of 2004 (PAGA). (Lab. Code,[1] § 2698 et seq.) Brooks alleged he and other AmeriHome employees were "entitled to penalties and wages as allowed under [§ 2698 et seq.]" and "will seek [them] on his own behalf and on behalf of other similarly situated" employees.

In response, AmeriHome filed a demand for arbitration with the American Arbitration Association (AAA). It sought "final and binding arbitration of Brooks'[s] individual claims," including: that AmeriHome "failed to pay all wages to him, . . . failed to provide meal and rest breaks, failed to pay all wages timely, failed to provide accurate wage statements, failed to maintain payroll records, and failed to reimburse him for business related expenses." AmeriHome alleged that the "California Labor Code violation claims at issue" were "dispute[s] or controvers[ies] arising out of Brooks'[s] employment with AmeriHome," which the parties agreed to arbitrate pursuant to the employment contract. AAA initiated arbitration proceedings.

Following the expiration of the required notice period giving LWDA an opportunity to investigate and file the claim (§ 2699.3, subd. (a)(2)(A)), Brooks filed a first amended complaint "on behalf of himself and other current and former aggrieved [AmeriHome] employees" in Ventura County Superior Court. He alleges a single cause of action under PAGA. The first amended

---

[1] Further unspecified statutory references are to the Labor Code.

complaint alleges AmeriHome violated various Labor Code sections, including failure to pay minimum wage and overtime wages, provide meal periods and rest breaks, timely pay wages during employment, timely pay wages upon termination, provide complete and accurate wage statements, and reimburse business expenses.[2]  Unlike the LWDA notice, Brooks's first amended complaint does not seek individual recovery for unpaid wages. The "prayer for relief" seeks only "civil penalties," "costs and attorney['s] fees," and "other and further relief the court may deem just and proper."

Brooks filed a motion for a preliminary injunction to enjoin arbitration.  AmeriHome filed a motion to stay proceedings pending arbitration.  The trial court issued the preliminary injunction and denied the stay request.  The court found that "allowing the arbitration to proceed would split a pure PAGA claim between the trial court and an arbitration forum.  A PAGA claim is made on behalf of the State and, . . . the State cannot be compelled to go to arbitration."  The court further stated that whether Brooks is the "proper plaintiff to bring this matter on behalf of the State is a question for this [c]ourt, not an arbitrator."

## DISCUSSION

AmeriHome argues the trial court erred when it issued the preliminary injunction.  We disagree.

In determining whether to issue a preliminary injunction, the trial court must weigh two inter-related factors:

---

[2] The first amended complaint alleges violations of the following:  Labor Code sections 201, 202, 203, 204, 226, subdivision (a), 226.2, 226.3, 226.7, 510, 512, subdivision (a), 1174, 1194, 1197, 1197.1, 1198, 2800, and 2802.

(1) the likelihood the plaintiff will prevail on the merits, and (2) the relative interim harm the parties would suffer from the issuance or nonissuance of the injunction. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1109.) We review the trial court's ruling for abuse of discretion. (*Ibid.*) We may affirm the trial court's decision on any grounds which appear in the record. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.)

### 1. *Likelihood of Prevailing on the Merits*

The trial court did not abuse its discretion when it found that Brooks demonstrated a likelihood he would prevail on the issue of whether his claim was arbitrable.

A PAGA action is fundamentally an action designed to protect the public, not to benefit a private party. (*Zakaryan v. The Men's Wearhouse, Inc.* (2019) 33 Cal.App.5th 659, 669 (*Zakaryan*), disapproved on other grounds in *ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 196.) Under PAGA, an "aggrieved employee," acting as a private attorney general, may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations. (§ 2699, subd. (a).) "The employee may not file his or her PAGA claim for particular labor law violations until first giving [LWDA] the opportunity to investigate and file the claim itself [citations] and, if [LWDA] elects not to get involved, [it] is nevertheless legally bound by the outcome of the employee-prosecuted PAGA claim [citations]." (*Zakaryan*, at pp. 669-670; § 2699.3.) If the PAGA action results in penalties, LWDA recovers 75 percent and the aggrieved employees recovers the remaining 25 percent of those penalties. (§ 2699, subd. (i).)

In *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 384, our Supreme Court held that an

4

employment agreement compelling an employee to waive the right to bring a PAGA action "is contrary to public policy and unenforceable as a matter of state law." The court explained that because a PAGA action is a representative action, a "'single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code.'" (*Ibid*.) The court also held that the Federal Arbitration Act (FAA) does not preempt state laws prohibiting PAGA waivers because the "FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state [LWDA]." (*Ibid*.)

Where an employee alleges a "single representative cause of action under PAGA," the claim "*cannot* be split into an arbitrable individual claim and a nonarbitrable representative claim." (*Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 649 (*Williams*).) In *Williams*, the employee filed a single-count PAGA action, seeking civil penalties and/or damages against the employer for its failure to provide off-duty rest periods pursuant to section 226.7. (*Id*. at p. 645.) The employer argued the employee must first arbitrate his individual claim to prove he was an "aggrieved employee." (*Id*. at pp. 645-646.) The Court of Appeal disagreed, holding that because the PAGA claim was a representative, and not an individual, claim, the employee "cannot be compelled to submit any portion of his representative PAGA claim to arbitration, including whether he was an 'aggrieved employee.'" (*Id*. at p. 649.)

Here, Brooks's complaint is, as the trial court described it, a "pure PAGA claim." Brooks alleged a single cause

of action under PAGA and did not allege an individual claim for wage recovery in his complaint. His complaint prayed only for "civil penalties," "costs and attorney['s] fees," and "other and further relief the court may deem just and proper." Because he brought a representative claim, he cannot be compelled to separately arbitrate whether he was an aggrieved employee. (*Williams*, *supra*, 237 Cal.App.4th at p. 649.)

AmeriHome concedes a PAGA claim is nonarbitrable, but it argues Brooks alleged individual "victim-specific Labor Code violations" in his LWDA notice that must be arbitrated pursuant to the employment contract. But it is the complaint, and not the notice, that sets forth the issues in controversy. (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211-212 [complaint serves "to frame and limit the issues" and "to apprise the defendant of the basis upon which the plaintiff is seeking recovery"], superseded on other grounds in *Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.) Therefore, Brooks would likely prevail on the merits because he "cannot be compelled to submit any portion of his representative PAGA claim to arbitration." (*Williams*, *supra*, 237 Cal.App.4th at p. 649.)

## 2. *Balance of Interim Harm*

The trial court did not abuse its discretion when it found that Brooks demonstrated that the interim harm he would suffer if the injunction was denied outweighed the harm AmeriHome would suffer if the injunction was granted.

Arbitration of a nonarbitrable claim would be futile. (See *PaineWebber, Inc. v. Hartmann* (3d Cir. 1990) 921 F.2d 507, 515 [PaineWebber would suffer "irreparable harm" if compelled to arbitrate a nonarbitrable claim], overruled on other grounds by

6

*Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 85; *McLaughlin Gormley King Co. v. Terminix Intern. Co., L.P.* (8th Cir. 1997) 105 F.3d 1192, 1194 ["If a court has concluded that a dispute is [nonarbitrable], prior cases uniformly hold that the party urging arbitration may be enjoined from pursuing what would now be a futile arbitration" (emphasis omitted)].)  Brooks established that he would suffer harm if he was compelled to participate in a futile arbitration.  This harm would outweigh any harm AmeriHome would suffer from an order enjoining a futile act.  The trial court properly enjoined the arbitration.

## DISPOSITION

The order granting the preliminary injunction is affirmed.  Brooks shall recover his costs on appeal.


TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

7

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Carothers DiSante & Freudenberger, Todd R. Wulffson, Nancy N. Lubrano and Rachel L. Capler, for Defendant and Appellant.

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh and Areen Babajanian, for Plaintiff and Respondent.

Filed 4/8/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANTHONY BROOKS,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>AMERIHOME MORTGAGE<br>COMPANY, LLC,<br><br>   Defendant and Appellant. | 2d Civil No. B298132<br>(Super. Ct. No. 56-2019-<br>00524903-CU-OE-VTA)<br>(Ventura County)<br><br>ORDER CERTIFYING<br>OPINION FOR PUBLICATION |

THE COURT:

     The opinion in the above-entitled matter filed on March 16, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

_____

TANGEMAN, J.       GILBERT, P. J.       PERREN, J.